UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID ARONSON,

      Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 13-2843 (MJD/HB)

ALTERNATIVE COLLECTIONS LLC,
and BRUCE CLOUGH, individually,

      Defendants.

Thomas J. Lyons, Lyons Law Firm, P.A., and Thomas J. Lyons, Jr., Consumer Justice Center P.A., Counsel for Plaintiff.

No appearance for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Default Judgment. [Docket No. 13]  The Court heard oral argument on September 5, 2014.  For the reasons that follow, the Court grants Plaintiff's motion.

## II.    BACKGROUND

### A.    Factual Background

1

In 2006, Plaintiff David Aronson allegedly incurred a consumer debt related to a credit transaction with Hitachi Capital America Corp. (Verified Complaint "Compl." ¶ 5.)  At some time before July 2013, the alleged debt was sold to Defendant Alternative Collections, LLC ("Alternative").  (Id. ¶ 6.)

On approximately July 10, 11, and 12, 2013, Alternative called and spoke with Plaintiff's 90-year old mother on the telephone.  (Id. ¶ 7.)  During the last conversation, Alternative's agent repeatedly asked Plaintiff's mother for information regarding Plaintiff.  (Id. ¶ 8.)  Alternative's agent also told Plaintiff's mother that Plaintiff owed a debt and told her the amount that he allegedly owed.  (Id. ¶ 9.)  Plaintiff's mother explained that she was too old to listen to Alternative, and Alternative stated that the phone call had nothing to do with her age.  (Id. ¶ 10.)  She then told Alternative to stop calling and harassing her.  (Id.)

On July 11, 2013, Defendant Bruce Clough, an agent for Alternative, sent Plaintiff's sister and brother-in-law an email with an attached collection letter addressed to Plaintiff.  (Compl. ¶ 11; Compl., Exs. 1-2.)

On July 15, 2013, Plaintiff sent Defendants a cease and desist letter. (Compl. ¶ 14.)

    **B.**    **Complaint**

On October 16, 2013, Aronson filed a verified Complaint against Alternative and Clough in this Court.  The Complaint asserts: Count I: Violations of the Fair Debt Collection Practices Act ("FDCPA") – 15 U.S.C. § 1692, et seq.; and Count II: Intrusion upon Seclusion.

### C.   Service on Defendant Alternative

Plaintiff made multiple attempts to serve Alternative.  First, Plaintiff attempted to serve Alternative at its location as listed with the New York Secretary of State, but discovered that this location was a UPS Store.  ([Docket No. 10] Lyons, Jr. Decl. ¶ 4.)  Second, Plaintiff located an attorney who had previously represented Alternative in another matter, but that attorney refused to accept service.  (Id. ¶¶ 5-6.)  Third, Plaintiff located a location at which Alternative was served in another lawsuit, but the attorney at that address told Plaintiff that the attorney had no authority to accept service on behalf of Alternative.  (Id. ¶¶ 7-8.)  Fourth, Plaintiff discovered that, on the Minnesota Secretary of State website, Alternative had named Corporation Service Company as its registered agent.  (Id. ¶ 9.)  The Summons and Complaint were served on Alternative in the care of the Corporation Service Company on February 3, 2014.  [Docket No. 6]

On April 23, 2014, Alternative's attorney contacted Plaintiff's attorneys. ([Docket No. 10] Lyons, Jr. Decl. ¶ 11.)  They attempted to negotiate a settlement. (Id. ¶ 12.)  Plaintiff advised Defendant that, if Alternative could not meet the settlement demand, it would need to file an answer to the Complaint by the end of April 25, 2014.  (Id.)  No settlement was reached, and Alternative did not file an answer.  (Id. ¶ 13.)

On April 30, 2014, the Clerk of Court entered default against Alternative. [Docket No. 11]

### D.   Service on Defendant Clough

Plaintiff believes that Clough is a collection agent who works for Alternative.  (Compl. ¶ 4; Compl., Ex. 1.)  However, Plaintiff believes that the name "Clough" is an alias.  ([Docket No. 7] Plaintiff's Response to Order to Show Cause Dated February 14, 2014 at 2.)  Plaintiff does not have Clough's current address and has been unable to serve him with the Complaint.  (Id.)  Plaintiff intended to determine Clough's true name and his address through Alternative's Rule 26 disclosures.  (Id.)  However, because Alternative is in default, Plaintiff has been unable to obtain this information.

On June 27, 2014, the Court issued an Order stating that more than 120 days had passed since the lawsuit was filed and no service had been made on

4

Defendant Clough. The Order further provided that Plaintiff needed to file proof of service on Clough by July 7, 2014, notify Clough that he is required to respond to the Complaint or submit a stipulation of an extension of time to answer, and, by July 17, file a motion for default if no response or stipulation is filed; or advise the Court of good cause for failure to comply. The Court warned that, if Plaintiff failed to comply, the action might be dismissed for failure to prosecute.

No proof of service on Clough has been filed. Clough has not filed an answer or other responsive pleading. No stipulation has been filed. Plaintiff has not advised the Court of good cause for failure to comply.

### III. DISCUSSION

#### A. Defendant Alternative

Because Alternative has failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default, Plaintiff is entitled to default judgment. Fed. R. Civ. P. 55. The Court accepts the factual allegations in the Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

1. **Count I: FDCPA Claim**

Plaintiff is a consumer under the FDCPA (Compl. ¶ 2); and Alternative is a debt collector (id. ¶ 3). Alternative violated the FDCPA by telling Plaintiff's mother, a third party, that he owed a debt and the amount owed and by contacting her more than once. 15 U.S.C. §§ 1692b(2) (providing that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not state that such consumer owes any debt"), 1692b(3) (providing that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall . . . not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information"); 1692c(b) ("Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer

reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."). It further violated the FDCPA by sending his sister and brother-in-law an email with the collection letter to Plaintiff attached. See 15 U.S.C. §§ 1692b(2), 1692c(b).

Because Alternative contacted Plaintiff's mother, sister, and brother-in-law, and informed all three that Plaintiff owed a debt and because Alternative contacted his mother more than once, Plaintiff is entitled to judgment on his FDCPA claim.

### 2. Count II: Intrusion upon Seclusion

The tort of intrusion upon seclusion "occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (citation and footnote omitted). Plaintiff claims Alternative intruded on his seclusion when it contacted his elderly mother, his sister, and his brother-in-law and informed them that he owed a debt in an attempt to coerce cooperation and immediate payment by Plaintiff. He asserts that he had a reasonable expectation of privacy in his private affairs, and Alternative's intrusion was highly offense to

the reasonable person.  Based on Alternative's failure to dispute Plaintiff's claim, the Court grants Plaintiff's motion as to intrusion upon seclusion.

### 3. Remedies

#### a) Actual Damages

> When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.

Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (citations omitted).  Actual damages must be proven "to a reasonable degree of certainty." Id. at 819.

Under the FDCPA, the Court may award actual damages caused by Defendant's violations of the FDCPA.  See 15 U.S.C. § 1692k(a)(1).  "Actual damages [under the FDCPA] not only include any out of pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." Fausto v. Credigy Servs. Corp., 598 F. Supp. 2d 1049, 1054 (N.D. Cal. 2009).  Compensatory damages are also available for the tort of intrusion upon seclusion.

Here, Plaintiff requests actual damages of $10,000 based on emotional distress alone.  Plaintiff notes that Alternative's actions revealed the existence

and nature of his private debt to his elderly mother, sister, and brother-in-law. Plaintiff was traumatized and suffered humiliation, embarrassment, anxiety, nervousness, and depression as a result of Alternative's actions. Plaintiff chooses to rely on the averments in his affidavit to support his request for emotional distress damages.

The Court agrees that Plaintiff has shown that he suffered humiliation, embarrassment, and other negative emotions due to Alternative's blatant violation of the FDCPA. However, the Court concludes that $10,000 is too high to compensate Plaintiff for his suffering as set forth in his affidavit and considering the frequency of Alternative's actions and the contents of its communications. The Court will award $2,000 in compensatory damages.

### b)  Statutory Damages

Plaintiff also seeks the maximum $1,000 for statutory damages. The FDCPA provides for both actual damages and, "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The Court concludes that an award of $1,000 in statutory damages is appropriate in this case.

### c)  Attorneys' Fees

> Under the FDCPA,
>
> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> * * *
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). Attorneys' fees to the prevailing consumer plaintiff are mandatory under the FDCPA. Armstrong v. Rose Law Firm, P.A., No. CIV. 00–2287 (MJD/SRN), 2002 WL 31050583, at *1 (D. Minn. Sept. 5, 2002). The Court uses the lodestar method to determine the reasonable amount of fees: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (citations omitted).

Plaintiff seeks attorneys' fees of $10,775.51 and costs of $924.21, for a total of $11,699.72. (Lyons Decl.; Lyons Decl., Ex. 2.) The Court has carefully reviewed counsel's records in this matter and concludes that the amount requested is reasonable. First, the amount of time that Plaintiff's counsel spent on the case was reasonable. The time spent on this default case is higher than in the typical default case. However, this case involved more factual investigation

and legal research than the usual default case before this Court.  Also, additional time was expended because Alternative was difficult to locate and serve based on its evasive contact information.  Plaintiff's counsel further spent time attempting to resolve this matter by negotiating with an attorney for Alternative before negotiations fell apart and, still, no answer was filed.

Second, the rates charged by Plaintiffs' attorneys and paralegal are reasonable based on their extensive experience in consumer litigation.  Finally, the expenses incurred are reasonable expenses.  Therefore, the Court grants, in whole, Plaintiff's request for attorneys' fees and costs.

   B.   **Defendant Clough**

Because Plaintiff has been unable to identify or serve Clough, Clough is dismissed from the lawsuit for failure to prosecute.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment [Docket No. 13] is **GRANTED**.

2. Judgment is entered in favor of Plaintiff David Aronson and against Defendant Alternative Collections LLC in the amount of $14,699.72, consisting of $2,000.00 in actual damages, $1,000.00 in statutory damages, $10,775.51 in attorneys' fees, and $924.21 in costs.

3. Defendant Bruce Clough is **DISMISSED** as a party to this action based on failure to prosecute.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 10, 2014         s/ Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States District Court